United States District Court
Southern District of Texas
**ENTERED**
November 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-17-669 |
| JULIA POFF | § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

   [ ]   an offense for which the maximum sentence is life imprisonment or death.

   [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

   [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in

         finding 1.

[ ]    (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1) There is probable cause to believe that the defendant has committed an offense

        [ ]    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
               ( ) § 801 et seq.  ( ) § 951 et seq.  ( ) § 955(a).

        [ ]    under 18 U.S.C. § 924(c).

    [ ] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x]    C.    Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [x] (2) There is a serious risk that the defendant will flee.

    [ ] (3)

    [x] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]    D.    Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1) As a condition of release of the defendant, bond was set as follows:
        Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

    [ ] (2)

[x] (3)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[x] (5)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Julia Poff has been charged by Indictment in the United States District Court for the Southern District of Texas, Houston Division, with injurious articles as nonmailable in violation of 18 U.S.C. 1716(j)(2) and 2 (Count 1), transportation of explosives with the intent to kill and injure in violation of 18 U.S.C. 844(d)(2) (Counts 2 & 3), supplemental nutrition assistance program fraud in violation of 7 U.S.C. 2024(b)(2 (Count 4), false declaration in bankruptcy in violation of 18 U.S.C. 152(3) and 2 (Count 5), and false declaration in bankruptcy in violation of 18 U.S.C. 1523(3) & 2 (Count 6).

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
   Evidence presented at the detention hearing shows that Julia Poff ("Poff") has been charged with injurious articles as nonmailable, transportation of explosives with the intent to kill and injure, supplemental nutrition assistance program fraud and false declaration in bankruptcy. The grand jury has made a probable cause determination that Poff committed the offenses described in the Indictment and testified to at the hearing. Poff mailed a package to Governor Greg Abbott ("the Governor's Package"). The package was opened by the Governor. It was designed to explode but it failed to explode because he did not open it as designed. The case agent testified that the package was a victim activated improvised explosive device. Had the device exploded, it could have caused severe burns and death. The agent testified that the package had an obliterated shipping label that was addressed to Poff at an address in Sealy, Texas. The package had been mailed by Laura Anderson who had sent an Ebay package to Poff. A search of Poff's residence revealed a large number of fireworks in her garage. Witnesses said that Poff had purchased Ken's salad dressing for her anniversary dinner. The salad dressing cap was a component of the device sent to Governor Abbott. Packaging for Pall Mall red cigarettes contained black powder and pyrotechnic powder, both of which were later found at her home. A fuse led into this pack. A Texas tobacco stamp was on the cigarettes. It showed they were purchases at a Flying J Truck Stop near her house on Brookshire, Texas. Poff's debit card was used there for cigarettes and cokes. Matching the substance in the package. The case agent testified that Poff was upset with Greg Abbott, Texas Attorney General, because she had not

received support from her ex-husband.

The case agent testified that Poff sent a similar victim activated improvised explosive device to President Obama ("""Obama Package"). The device was detected in screening and rendered safe. It was the same type of device that had been sent by Poff to Governor Abbott. The case agent testified that a cell phone was in the package that belonged to Caitlyn Poff. Cat hair was found under the address label. The hair was compared to two of Poff's cats by the FBI crime lab. The cat hair found on the Obama Package was microscopically consistent with the hair of one of Poff's cats. The case agent testified that Poff had stated that she did not like the President.

The case agent testified about another victim activated improvised explosive device that Poff mailed to the Social Security Administration in Maryland. The device was the same as the devices that Poff mailed to Governor Abbott and President Obama. The case agent testified that Poff had applied for social security benefits and her applications had been denied.

The case agent testified about applications for SNAP made by Poff that were false. Poff has made fraudulent filings in bankruptcy proceedings. Poff was a frequent filer. Poff failed to report income.

Poff tried to learn the identify of witnesses talking to the FBI and the grand jury. Poff asked her friends not to talk to the FBI. Agents contacted Poff's employer at a law firm. Poff had been fired because she was stealing money from a client. Poff also set up a fund following Hurricane Harvey seeking assistance for a widowed father and young child. She solicited donations of money and clothing. She gave the father clothing donations but kept the money. The agent testified that Poff was abusive to bankruptcy court staff during her hearings. Court security was enhanced when she appeared for court. Poff's residence is unstable. She has been evicted seven time for non-payment of rent. She leaves the premises in disrepair. Concrete is poured down drains, potatoes are stuffed in toilets and dogs are locked in for a week to defecate and urinate. The information Poff provided to pretrial services was false. She reported paying about $2,000 in rent. Poff pays no rent. Poff's criminal history includes a misdemeanor conviction for theft. She was sentenced to deferred adjudication probation. Her probation was revoked. This demonstrates an unwillingness or inability to comply with bail conditions. She was also convicted of state felony fraud and was sentenced to deferred adjudication. Her probation was amended to add new conditions.

The evidence of guilt is strong which enhances the risk of flight. Poff has not rebutted the presumption of risk of flight or danger to the community. There is a high risk Poff will continue to interfere with witnesses if released on bail. Moreover, Poff presents a real safety risk to witnesses and others in the community. Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant Julia Poff be DETAINED pending further proceedings in this matter.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 17th day of November 2017

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE